UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVER OTONIEL MARTINEZ-PACHECO,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2565

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with a new bond hearing. (Pet., ECF No. 1, PageID.8.) In an order entered on September 22, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 7.) Respondent filed his response and a recording of the September 3, 2026, bond hearing

on September 25, 2026. (Resp., ECF No. 8; Recording of Sep. 3, 2026, Bond Hearing, filed on Sep. 7, 2026).

## II. Factual Background

Petitioner is a citizen of Honduras who entered the United States in 2013. (2013 Notice to Appear (NTA), ECF No. 8-1, PageID.52.) On August 1, 2026, Petitioner was arrested by ICE agents. (Form I-213, ECF No. 8-2, PageID.57.)

On September 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 8-5, PageID.67.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, because Petitioner "is a danger to the community. [Petitioner] has two arrests for driving under the influence in 2023 and 2026." (*Id.*)

## III. Analysis

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on September 3, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, finding that Petitioner "is a danger to the community." (Immigration Judge Order, ECF No. 8-5, PageID.67.) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that the Immigration Judge relied upon an inaccurate description of Petitioner's record. (Pet., ECF No. 1, PageID.7.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12,

2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. Therefore, Petitioner has not exhausted

his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

To the extent that Petitioner claims that the that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026), based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

Dated: October 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[1] Because the Court will dismiss Petitioner's § 2241 petition as set forth herein, Petitioner's motion (ECF No. 3) seeking relief during the pendency of this action is moot.